[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 28, 1997 the Plaintiff caused to be served upon the Defendants a notice declaring the termination of a five-year written lease for non-payment of rent and ordering the Defendants to quit possession of the residential premise on or before March 7, 1997. A Summary Process Complaint was duly served on the Defendants on March 11, 1997 alleging failure "to pay the rent due under the lease on December 15, 1997".[1]
The Defendants claimed that they paid the $900.00 December rent by a money order in the amount of $700.00 plus $200.00 in credit for work which the Defendants claim they were entitled to set off against the rent.
The one-page written lease provides for a five-year term with rent at nine hundred dollars ($900.00) per month. The lease makes no provision for credit toward rent of work performed on the premises by the Defendants. The lease does recite that the Defendants have "permission to add and/or change any structure inside or outside the dwelling." It provides that such changes "will be documented." It also provides that "all receipts of the labor/materials will also be kept." The Defendants claim that the CT Page 5786 provisions of the lease, together with oral agreements with the Plaintiff, allowed them to assert credit against the rent for improvement and work done to the premises.
The Defendants introduced three receipts, Exhibits 2, 3 and 6 signed by Jan Levin, who the Plaintiff acknowledged had been authorized to receive rental payments.
Exhibit 6, dated November 2, 1996, showing a cash payment of $250.00 with a balance of $400.00 appears to be the traditional type rent receipt. Exhibit 3, dated November 22, 1996, written on plain white paper, shows a payment of $650.00 in cash and $250.00 for upgrade of property with a zero balance for November 1996. Exhibit 2, also on plain white paper, shows the $700.00 money order payment and $200.00 for "loss of personal property and property upgrade."
The Plaintiff denied that Levin had authority to accept anything other than cash or checks toward payment of the rent. Levin admitted that the signatures on Exhibits 2, 3 and 6 were hers, but she testified that she could not recall that they contained the wording relating to credit for property upgrade or loss of personal property.
The Court notes that both Defendants' Exhibit 2 and Defendants' Exhibit 3, written on plain white paper, have the wording relating to the alleged credit for "loss of personal property and/or property upgrade" appearing above the space where the cash receipt and money order receipt appear on the respective receipts. The testimony at trial was that both of the original receipts represented by Defendants' Exhibits 2 and 3 were written by Defendant Brenda Dozier and that she retained, the originals. There was no evidence that copies of these were retained by Levin for the Plaintiff's benefit.
The Defendants submitted in evidence Exhibit 4 as a record of the hours allegedly expended in upgrading the property. Neither this record, nor any copy thereof, was ever shown to, or approved by, the Plaintiff. Its existence was not made aware to the Plaintiff until trial when it was entered into evidence. The Defendant David Dozier testified that although he charged $27.00 to $30.00 per hour for his self-employed remodeling work, his charge for the work that he allegedly performed for the Plaintiff was $15.00 per hour. CT Page 5787
The November 2, 1996 rent receipt (Defendants' Exhibit 6) shows that $250.00 in cash was paid by the Defendants toward the rent. On that date, according to Defendants' Exhibit 4, the Defendant had performed work to the extent of $1,320.00, but none of this amount was applied toward the rent. The receipt of November 22, 1996 (Defendants' Exhibit 3) shows a cash payment of $650.00 and a claimed credit of only $250.00 for "property upgrade" even though Defendants' Exhibit 4 shows that Defendant performed work to the extent of $3,210.00. Finally, the receipt of December 6, 1996 (Defendants' Exhibit 2) shows a payment of $700.00 by money order and $200.00 for "loss of personal property and property upgrade" on which date Defendants' Exhibit 4 shows hours which total out at $2,960.00 if the $250.00 claimed credit of November 22, 1996 is deducted therefrom.
The Defendants testified that they paid the rent for the months of January 1997 and February 1997 by virtue of the accumulated hours shown on Defendants' Exhibit 4 totalling 226 hours, which at $15.00 per hour amounts to $3,390.00.
The Defendants' special defense asserts (1) that "all rent has been paid" to the landlord; (2) that the property is under a written lease and that "the Plaintiff has given the Defendant no notice of an intent to terminate" and (3) that the Plaintiff has accepted a tender of rent after the alleged failure to pay and before the declaration of forfeiture.
The Defendants have failed to sustain their burden with regard to their first special defense that "all rent has been paid" to the Plaintiff. The Defendants' claim, that there was an agreement with the Plaintiff permitting them to offset their rent with work which was done in upgrading the property, is simply not believable. The Court cannot accept that the Defendants would pay cash to the Plaintiffs, $250.00 on November 2, 1996, $650.00 on November 22, 1996, and a money order for $700.00 on December 6, while their claimed offset hours on the date of each of these payments far exceeded, at $15.00 per hour, the cash which they paid to the Plaintiff.
The Defendants' second special defense is rejected out of hand since they have admitted paragraph 5 of the complaint which alleges that "on February 28, 1997 the Plaintiff caused a notice to Quit Possession to be served on the Defendant to vacate the premises on or before March 7, 1997 . . ." That notice declares that the lease is terminated. CT Page 5788
The Defendants fail to sustain their burden as to the third special defense wherein they claim that the Plaintiff has accepted a tender after the declaration of forfeiture. Their attempt to utilize their claimed right to offset rent is of no avail since the Court is not convinced that they ever had such right.
The Court finds that the Plaintiff duly served the Defendants with a notice terminating their written lease and ordering the Defendants to quit for non-payment of the December 1996 rent. The Court further finds that the Defendants failed to pay the $900.00 rent called for in the lease.
Judgment of possession may enter for the Plaintiff.
Tamborra, JTR